# M'Laughlin *v.* M'Makin.

[APRIL 11, 1848.]

It is not libellous to publish the proceedings of a court of justice, without a malicious intent to injure the character of the plaintiff.

ACTION on the case for libel. The publication was in the "Saturday Courier," and noticed the fact that the plaintiff had been stricken from the roll of attorneys in the court of criminal sessions.

*M'Laughlin*, in propriâ personâ.
*J. T. S. Sullivan*, for defendant.

BURNSIDE, J.—Charged the jury, that the paper in which the publication was made appeared to be a literary and general newspaper. The question was whether this publi-

---

[ M'Laughlin *v.* M'Makin. ]

cation was made with a malicious intent to injure the character of the plaintiff. If it was a mere case of a publication of the proceedings of the court, without malice, the plaintiff could not recover. In .this country, the proceedings of courts of justice are open to criticism and examination. The proceedings of the courts are matters fit for public information, and may be published by every printer, if he is not actuated by a malicious intent. It was a question for the jury in this case to decide whether any malice had been proved against the defendant. Here, the press is free: it has been called the bulwark of freedom, and where it is not licentious, it should be protected.

Verdict for defendant.*

* It has been recently decided, in New York, that the publication of *ex parte* preliminary proceedings before a police magistrate, is not privileged: the justification for such publication must be found, not in privilege, but in the truth of the statement published. *Stanley* v. *Webb*, 2 U. S. Law Mag. 326. And see 1 Am. Lead. Cases 187, where the authorities have been carefully collated, and the subject is discussed with great learning and ability.